· Hay *v.* Lehigh Valley National Bank of Bethlehem, Appellant.

*Trespass—Trover and conversion—Bonds—Collateral security— Sale of collateral—Misappropriation of balance.*

In an action to recover damages for the conversion of certain bonds alleged to have been the property of plaintiffs and to have been unlawfully appropriated to the defendant's use, a verdict for the plaintiff was sustained where it appeared that the bonds in question had been pledged by the plaintiffs as collateral security for a note made to a trust company; that the note had been sent to the defendant for collection; that thereupon it paid off the note and took into its possession the bonds; that subsequently it delivered the bonds to a traction company and received in exchange therefor other bonds, which it appropriated to the payment of the original loan, realizing from the sale of a portion of them the amount of the loan and converting and appropriating to their own use the unsold remainder of the bonds, to recover the value of which the action was brought.

Argued May 4, 1915. Appeal, No. 50, Jan. T., 1915, by defendant, from judgment of C. P. Northampton Co., June T., 1912, No. 30, on verdict for plaintiff in case of Thomas A. H. Hay, William O. Hay, M. P. McGrath and Robert M. Petty v. Lehigh Valley National Bank of Bethlehem. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Trespass for the conversion of certain bonds. Before STEWART, P. J.

The plaintiffs filed the following statement:

First: The plaintiffs, Thomas A. H. Hay, William O. Hay, M. P. McGrath and Robert M. Petty, were the owners of thirty-five of the first mortgage bonds of the Montgomery Traction Company of the denomination of one thousand dollars ($1,000) each, which were pledged by them as collateral for a loan made by the Franklin Trust Company of Philadelphia to the said plaintiffs.

Second: That on the twenty-fifth day of October, 1911, the said Franklin Trust Company of Philadelphia sent to the Lehigh Valley National Bank of Bethlehem, Pa., for collection a note of twenty-five thousand dollars ($25,000) made by the plaintiffs, which has been given by them, together with the said first mortgage bonds of the Montgomery Traction Company to the value of thirty-five thousand dollars ($35,000) as collateral, and the Lehigh Valley National Bank of Bethlehem received said bonds to the value of thirty-five thousand dollars ($35,000).

Third: That the said Lehigh Valley National Bank of Bethlehem, Pa., had entered into an arrangement with the Lehigh Valley Transit Company to deliver to the Lehigh Valley Transit Company all the bonds and stock of the Montgomery Traction Company and in order to do so paid the said loan of twenty-five thousand dollars ($25,000) to the said Franklin Trust Company of Philadelphia and took into its possession and custody the said bonds of Montgomery Traction Company aggre-

gating in value thirty-five thousand dollars ($35,000) which belonged to and were the property of the said plaintiffs.

Fourth: That the said Lehigh Valley National Bank of Bethlehem, Pa., then delivered thirty-five (35) one thousand dollar ($1,000) bonds of the Montgomery Traction Company, the property of the plaintiffs, to the Lehigh Valley Transit Company and received in exchange therefor bonds of the Lehigh Valley Transit Company, which were valued at the sum of thirty-three thousand six hundred dollars ($33,600). The Lehigh Valley National Bank of Bethlehem, Pa., appropriated bonds of the Lehigh Valley Transit Company to the payment of the loan made by the Franklin Trust Company of Philadelphia, realizing from the sale of twenty-eight (28) of said bonds the sum of twenty-five thousand two hundred dollars ($25,200) and the balance of said bonds aggregating in full the sum of five thousand six hundred dollars ($5,600) which were the property of the plaintiffs, the said Lehigh Valley National Bank of Bethlehem, Pa., converted and appropriated to their own use.

Fifth: The said plaintiffs have made demand on the Lehigh Valley National Bank of Bethlehem, Pa., to deliver to them the said securities, namely the bonds of the Lehigh Valley Transit Company aggregating in value the sum of five thousand six hundred dollars ($5,600) and the said Lehigh Valley National Bank of Bethlehem, Pa., have wholly refused to deliver said bonds or to pay to the plaintiffs the value thereof.

Sixth: The plaintiffs by reason of the act of the defendant bank in thus converting securities owned by the plaintiffs to the use of the bank, have sustained damage and claim to recover the sum of five thousand six hundred dollars ($5,600).

Verdict for plaintiff for $5,600 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing binding instructions for the defendant.

*W. S. Kirkpatrick,* of *Kirkpatrick & Maxwell,* with him *W. E. Doster,* for appellant.

*E. J. Fox,* of *E. J. & J. W. Fox,* for appellees.

PER CURIAM, May 17, 1915:

This is a very simple issue and involves questions of fact which were for the jury, and their finding is that the defendant had converted to its own use certain bonds belonging to the plaintiffs. A clear history of the case is to be found in plaintiffs' brief statement of their cause of action, which will appear in the reports in connection with this opinion. After a careful consideration of the assignments of error and the argument of learned counsel in support of them, we are of one mind, that the learned trial judge committed no error during the progress of the trial or in his charge submitting the case to the jury.

Judgment affirmed.